**John J. BANKS, Plaintiff–Appellant,**

v.

**Sergeant MCDONALD, Defendant–Appellee.**

No. 03–15573.

D.C. No. CV–01–00341–PGR.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John J. Banks, Buckeye, AZ, pro se.

James Russel Morrow, Office of the Attorney General, Daniel P. Schaack, dag, Attorney General Office, Phoenix, AZ, for Defendant–Appellee.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM**

Arizona state prisoner John J. Banks appeals pro se the district court's summary judgment in favor of a prison guard in his 42 U.S.C. § 1983 action alleging the guard violated the Eighth Amendment by spraying Banks with a chemical agent for not following orders. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review

de novo, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.

■ The district court properly granted summary judgment on Banks' excessive force claim because Banks failed to raise a genuine issue for trial because he presented no facts to support that being sprayed six or seven times for refusing orders to cuff up constituted excessive force. The undisputed evidence shows that McDonald warned Banks that refusing to cooperate would result in his being sprayed and that McDonald stopped spraying Banks once he complied. *See Clement v. Gomez,* 298 F.3d 898, 903 (9th Cir.2002).

■ The district court properly granted summary judgment on Banks' deliberate indifference claim alleging that his cell was not sufficiently decontaminated and cleaned, and that he did not receive a shower for 48 hours after being sprayed. McDonald submitted evidence that she instructed that Banks' cell be cleaned and new bedding be issued when Banks was taken to the Health Unit immediately after being sprayed. Banks submitted no evidence demonstrating that McDonald was aware that her instructions had not been carried out to his satisfaction. *See id.* at 904–5.

■ To the extent that Banks contends that summary judgment was improperly granted because he lacked access to a law library, this contention fails because Banks' filings with the district court demonstrate that McDonald did not deny him access to the courts. *See Madrid v. Gomez,* 190 F.3d 990, 995 (9th Cir.1999).

■ The district court did not abuse its discretion in denying Banks' Fed.R.Civ.P. 56(f) motion because Banks failed to specifically state what evidence he sought or

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

show that the desired evidence actually existed. *See Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 775–76 (9th Cir.2003).

 To the extent Banks contends that the district court erred in not filing his motions to recuse the district court judge, this contention fails because Banks submits no evidence that he submitted the motions for filing.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.